IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **DANIEL MARTINEZ, JR. AND IDAR DOMINGUEZ ON BEHALF OF THEMSELVES AND ALL OTHER PLAINTIFFS SIMILARLY SITUATED, KNOWN AND UNKNOWN,** <br><br> Plaintiffs, <br><br> v. <br><br> **REAL BUILDERS CONSTRUCTION, INCORPORATED, AND GUILLERMO MARTINEZ, INDIVIDUALLY** <br><br> Defendants. | No. 1:21-cv- <br><br> **Hon.** <br> **District Court Judge** <br><br> Hon. <br> Magistrate Judge <br><br> *JURY DEMAND* |

## COMPLAINT

NOW COMES Plaintiffs, **DANIEL MARTINEZ, JR., AND IDAR DOMINGUEZ** ( each a "Plaintiff", collectively the "Plaintiffs"), on behalf of themselves and all other plaintiffs similarly situated, known and unknown, by and through their attorneys, JOHN W. BILLHORN AND SAMUEL D. ENGELSON OF BILLHORN LAW FIRM, and for their Complaint against Defendants, **REAL BUILDERS CONSTRUCTION, INCORPORATED, AND GUILLERMO MARTINEZ, INDIVIDUALLY** (each a "Defendant", collectively the "Defendants" or "RBC"), state as follows:

**I.  NATURE OF ACTION**

1. This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*., the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq*, the Chicago Minimum Wage Ordinance ("CMWO"), § 1-24-10 of the Municipal Code of Chicago and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 *et seq*.

## II. JURISDICTION AND VENUE

2.  Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207, and for the supplemental Illinois and municipal statutory claims, pursuant to 28 U.S.C. §1367. Venue lies in the Northern District of Illinois in that during all times relevant to the employment relationship, Plaintiffs performed work in this district and are each a resident of this district and Defendants are or were engaged in business in this district.

## III. THE PARTIES

3.  Defendant, **REAL BUILDERS CONSTRUCTION INCORPORATED** ("RBC") owns and operates a construction business located at 900 Willow Road, Matteson, IL. RBC performs a range of construction services including, but not limited to, demolition, building, dry wall finishing, etc. RBC is an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of Section 29 U.S.C. §203(s)(1)(A)(i) and based upon information and belief formed after reasonably inquiry, satisfies the minimum annual gross sales dollar amount required by 29 U.S.C. §203(s)(1)(A)(ii). During all relevant times, RBC was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiffs and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

4.  Defendant, **GUILLERMO MARTINEZ,** is the owner and a manager of RBC. In his capacity as owner and manager of RBC, Martinez was vested with the authority to implement and carry out the wage and hour practices of RBC. Plaintiffs were directed to, and did, communicate all employment issues, including the wage and hour violations asserted herein, to Martinez and Martinez in turn responded to those communications subject to his authority described above. Thus, at all times relevant hereto Martinez was acting directly or

indirectly in the interest of the employer in relation to the employee Plaintiffs and therefore as defined under both the federal and state statutes relied upon, is an "employer".

5. Plaintiff, **DANIEL MARTINEZ, JR.**, is a former employee of Defendants who, between approximately 2013 and May 30, 2021, was employed by Defendants as a laborer and construction worker. Plaintiff performed manual labor duties for Defendants related to construction and demolition services provided by Defendants, including clean up and scrap removal, delivery of materials to construction sites, and other related duties as assigned by Defendants. Plaintiff received only his straight time pay for all hours worked in excess of 40 in individual work weeks and did not receive an overtime premium for overtime eligible hours worked over 40 in individual work weeks. Plaintiff was regularly denied overtime pay by Defendants for hours worked over 40 per work week. Additionally, Defendants improperly deducted certain expenses, including business expenses incurred by RBC, from Martinez's pay without receiving proper, contemporaneous authorizations from Martinez, including failure to use compliant deduction authorization forms. These improper deductions carried out by RBC violated the IWPCA.

6. Plaintiff, **IDAR DOMINGUEZ,** is a former employee of Defendants who, between approximately May 2018 and May 30, 2021, was employed by Defendants as a laborer and construction worker. Plaintiff performed manual labor duties for Defendants related to construction and demolition services provided by Defendants, including clean up and scrap removal, delivery of materials to construction sites, and other related duties as assigned by Defendants. Plaintiff received only his straight time pay for all hours worked in excess of 40 in individual work weeks and did not receive an overtime premium for overtime eligible hours worked over 40 in individual work weeks. Plaintiff was regularly denied

overtime pay by Defendants for hours worked over 40 per work week. Furthermore, Plaintiff was paid below the non-tipped minimum wage required by the CMWO and is owed additional minimum wages.

7. All other unnamed, similarly situated Plaintiffs, known and unknown (hereinafter referred to as "members of the Plaintiff Class" or "similarly situated Plaintiffs"), are past or present employees who work or worked for Defendants, were improperly denied overtime for hours worked in excess of 40 in individual work weeks, had wages improperly deducted from their pay and paid below the minimum wage prescribed by the CMWO, as described above.

8. As employees performing duties for an enterprise engaged in commerce, the named Plaintiffs and all members of the Plaintiff Class were also engaged in commerce as defined by the FLSA.

## IV. STATUTORY VIOLATIONS

### Fair Labor Standards Act

9. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is brought by Plaintiffs as an opt-in representative or collective action, on behalf of himself and other Plaintiffs similarly situated who have been damaged by Defendants' failure to comply with 29 U.S.C. §201 *et seq.* and §251 *et seq.* Count II alleges a willful violation of the FLSA and seeks an additional third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260.

### Illinois Minimum Wage Law

10. Pursuant to the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*, Count IV of this action is brought by Plaintiffs to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count IV. The

claims asserted by Plaintiffs herein under the IMWL are proper for certification under Federal Rule of Civil Procedure 23.

### Chicago Minimum Wage Ordinance

11. Pursuant to the Chicago Minimum Wage Ordinance ("CMWO"), § 1-24-10 of the Municipal Code of Chicago, Count VI of this action is brought by Plaintiffs to recover unpaid overtime and minimum wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count VI. The claims asserted by Plaintiff herein under the CMWO are proper for certification under Federal Rule of Civil Procedure 23.

### Illinois Wage Payment and Collection Act

12. Pursuant to the Illinois Wage Payment and Collection Act, 820 ILCS §115/1 *et seq*., Count VI of this action is brought by Plaintiffs to recover from Defendants unauthorized deductions taken on or after the date ten (10) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count VI. The claims asserted by Plaintiffs herein under the IWPCA are proper for certification under Federal Rule of Civil Procedure 23.

V.  **FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS**

13. Plaintiffs, at all times pertinent to the cause of action, were employed by Defendants, said employment being integral and indispensable to Defendants' business.

14. Plaintiffs, on a regular basis within their dates of employment referenced herein, worked in excess of forty (40) hours in a workweek without pay at a rate of time and one-half for such hours pursuant to the requirements of the federal and state statutes relied upon herein.

15. While employed by RBC, Plaintiffs spent many of their working hours working for Defendants' benefit while within the City of Chicago. Many of the work sites to which Plaintiffs were assigned were located within the City of Chicago.

16. Each month, Plaintiffs worked at numerous job sites and locations that were physically located within the City of Chicago. On a regular basis, Plaintiffs worked at least two hours while physically present in the City of Chicago during two-week periods and were at all times "Covered Employees" as defined by the CMWO.

17. Defendants, as a corporation and individual employing "Covered Employees" as set forth above, were each an "Employer" as defined by the CMWO. Additionally, because Defendants were operating and engaging in performance of construction services, including demolition, within the City of Chicago, they were subject to the license requirements set forth by the Municipal Code of Chicago.

18. Upon information and belief, RBC was subject to City of Chicago licensing requirements and thus possessed the appropriate license to operate and perform construction and demolition services within the City of Chicago. Plaintiffs were covered employees working for covered employers under the CMWO.

19. Daniel Martinez, Jr. ("Martinez") was employed by RBC from approximately 2013 to May 31, 2021.

20. Idar Dominguez ("Dominguez") was employed by RBC from approximately May 2018 to May 31, 2021.

21. Martinez and Dominguez were employed as laborers and construction workers. Martinez and Dominguez performed a variety of necessary manual labor tasks in support of RBC's construction business. Plaintiffs' primary duties were to haul away scrap

and debris from demolition sites and to haul necessary materials to and from various construction sites for the building crews. Martinez and Dominguez performed these manual labor tasks for Defendants' clients for Defendants' benefit.

22. While Plaintiffs were employed with Defendants, Defendant Guillermo Martinez would assign projects and manage day-to-day operations of RBC, including RBC's wage and hour policies. Plaintiffs understood that all employment-related inquiries, including questions about RBC's wage and hour policies, were to be directed to Guillermo Martinez. Upon information and belief, Guillermo Martinez implemented and carried out all wage and hour policies for RBC and all its workers, including the illegal pay practices alleged herein.

23. Martinez regularly, if not always, worked in excess of 40 hours in individual work weeks, as assigned by RBC. Most, if not all, of Martinez's contemporaneous timesheets reflect hours worked in excess of 40 in individual work weeks for which he was entitled to overtime premiums. At times, Martinez worked as many at seventy (70) hours in individual work weeks.

24. During Martinez's employment within the relevant period, he received approximately $15.00 per hour and was paid weekly. Martinez was paid his straight time rate of $15.00 per hour for all hours worked each week, including overtime-eligible hours worked in excess of 40 hours in individual work weeks.

25. Over the course of Martinez's employment, the medium by which his wages were paid to him by RBC varied. Sometimes, Martinez received his wages via payroll check as a proper W2 employee with proper payroll taxes and withholdings deducted. However, other times, RBC would pay Martinez as a 1099 independent contractor via company check. Martinez would also sometimes receive his entire weekly wages in cash. Martinez never

received an explanation from RBC as to why he was paid wages through various tax treatments and mediums. Despite the numerous tax treatments and methods of wage payment utilized by RBC, Martinez was a proper, bona fide employee of RBC as defined by federal, state and local law.

26. Dominguez regularly, if not always, worked in excess of 40 hours in individual work weeks, as assigned by RBC. Most, if not all, of Dominguez's contemporaneous timesheets reflect hours worked in excess of 40 in individual work weeks for which he was entitled to overtime premiums. Dominguez regularly worked at least 60 hours per week and oftentimes as many as 65 in individual weeks. At times, Dominguez worked more than 65 hours in individual work weeks.

27. During Dominguez's employment within the relevant period, he received approximately $11.00 per hour and was paid weekly. Dominguez was paid his straight time rate of $11.00 per hour for all hours worked each week, including overtime-eligible hours worked in excess of 40 hours in individual work weeks.

28. Dominguez's hourly rate was below the minimum wage rate required by the Chicago Minimum Wage Ordinance for non-tipped hourly employees, such that Dominguez is owed the difference between the hourly rate of pay he received from RBC and the proper minimum wage rate mandated by the CMWO, as well as overtime premiums for hours worked in excess of 40 in individual work weeks calculated using the appropriate minimum wage and corresponding overtime rate pursuant to the CMWO.

29. Over the course of Dominguez's employment, the medium by which his wages were paid to him by RBC varied. Sometimes, RBC would pay Dominguez as a 1099 independent contractor via company check. Dominguez would also sometimes receive his

entire weekly wages in cash. Dominguez never received an explanation from RBC as to why he was paid wages through various tax treatments and mediums. Despite the numerous tax treatments and methods of wage payment utilized by RBC, Dominguez was a proper, bona fide employee of RBC as defined by federal, state and local law.

30. Each week, Martinez and Dominguez would complete time sheets consisting of all their hours worked that week for RBC. These timesheets included the address of each locations Plaintiffs worked each day, as well as start and end times of each shift. The total weekly hours were totaled and written at the bottom of the timesheet. At the end of the week, Plaintiffs would hand in the timesheets consistent with RBC's timekeeping policy.

31. At times, the timesheets also included a handwritten calculation of Plaintiffs' weekly pay by multiplying each Plaintiff's total weekly hours by their straight time rate of pay.

32. Plaintiffs, as non-exempt hourly employees performing manual labor duties on behalf of Defendants, were entitled to overtime premiums of one and one-half time their straight time rates of pay for all hours worked in excess of 40 hours in individual work weeks.

33. Throughout the course of their employment, Plaintiffs, and those similarly situated, were denied overtime premiums by RBC in violation of federal, state and local law. Upon information and belief, Plaintiffs understood that all hourly employees and workers, including all laborers and construction workers, were paid in the same or similar fashion as described above and were also denied overtime premiums for hours worked in excess of 40 in individual work weeks.

34. Plaintiffs worked in excess for forty (40) hours in many, if not all, workweeks during their employment without pay at a rate of time and one half their regular hourly rates of pay for such hours.

35. Plaintiffs were denied time and one half their regular rates of pay for hours worked, over 40 in a workweek pursuant to the requirements of the federal, state and local statutes relied upon herein.

36. Additionally, RBC made improper deductions from the pay of Martinez and other similarly situated laborers. RBC would deduct business expenses and losses that occurred within the scope of Martinez's employment with RBC which he performed on RBC's behalf and for RBC's benefit. RBC routinely deducted items such as parking tickets, traffic tickets, etc. that were issued while Martinez was driving RBC's vehicle in conjunction with his job duties without providing Martinez, or any other laborers, with a deduction authorization form as required by law and the IWPCA.

37. Furthermore, the IWPCA does not permit employers to deduct their own business losses and expenses, such as parking tickets, permit violations, etc. issued to company-owned vehicles, from the pay of their employees. Deductions of this kind taken by RBC were and are improper

38. The total number of hours worked by Plaintiffs and members of the Plaintiff Class, and therefore the total number of working hours for which additional compensation is owed, is information substantially, if not completely, within the control and possession of Defendants, in that Defendants recorded or should have recorded such hours pursuant to the record keeping requirements found Title 29 CFR, Part 516. To the extent Defendants

lack the records required by 29 CFR Part 516, Plaintiffs and the Plaintiff class will be capable of providing reasonable estimates of that time, as permitted by law.

39. The claims brought herein by the named Plaintiffs are based on non-compliant practices and policies implemented by Defendants and are identical or similar to the claims of other past and present employees who were subject to the same non-compliant policies and practices alleged herein. Those past and present employees are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

1-39. Paragraphs 1 through 39 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 39 of this Count I.

40. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*, Plaintiffs are entitled to compensation for all hours worked and compensation at a rate not less than one and one-half times the regular rates of pay for all hours worked in excess of forty (40) hours, in any week during the two (2) years preceding the filing of this action.

41. Defendants have at all times relevant hereto failed and refused to pay compensation to Plaintiffs, and the Plaintiff Class, as described above.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a) back pay equal to the amount of all unpaid overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b) prejudgment interest with respect to the total amount of unpaid overtime compensation;

11

(c) Plaintiffs' reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the Fair Labor Standards Act; and,

(d) such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-41. Paragraphs 1 through 41 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 41 of Count II.

42. Defendants' actions as complained of above were done with Defendants' knowledge that the compensation policies and practices at issue were in violation of the statutes alleged, or with a reckless disregard for whether or not the policies and practices were in violation of those statutes. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to the state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

43. Pursuant to the Fair Labor Standards Act, Plaintiffs are entitled to compensation at a rate not less than one and one-half times their regular rates of pay for all hours worked in excess of forty (40) in the three (3) years preceding the filing of this complaint.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a) back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b) prejudgment interest with respect to the amount of unpaid overtime compensation;

(c)     Plaintiffs' reasonable attorneys' fees and Court costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(d)     such additional relief the Court deems appropriate under the circumstances.

## COUNT III

## LIQUIDATED DAMAGES
## UNDER THE FAIR LABOR STANDARDS ACT

1-43.   Paragraphs 1 through 43 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 43 of Count III.

44.     In denying Plaintiffs compensation as described above, Defendants' acts were not based upon good faith or reasonable grounds. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to the state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

45.     Plaintiffs are entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a)     liquidated damages equal to the amount of all unpaid compensation;

(b)     Plaintiffs' reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(c)     for such additional relief the Court deems appropriate under the circumstances.

## COUNT IV

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-45. Paragraphs 1 through 45 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 45 of this Count IV.

46. As described in the foregoing paragraphs, Defendants' compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS §115/1 *et seq.*

47. The Illinois Minimum Wage Law provides that an employer who fails to pay the required amount of wages due an employee under the law shall be liable to the underpaid employee or employees for the unpaid wages and for (a) an additional statutory interest penalty of 2% amount of the amount of such underpayments for each month following the date such underpayments that remain unpaid through February 18, 2019 and (b) treble the amount of the underpayments and a statutory interest penalty in the amount of 5% of the underpayments each month for damages incurred thereafter.

48. Defendants' failure to pay compensation as described above, has been willful and/or in bad faith.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) declaring and decreeing Defendants' compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

(b) awarding an amount of damages, to be shown by the evidence, to which Plaintiffs are entitled;

(c) allowing this Court to retain jurisdiction of the case until such time it is assured Defendants have remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

(d) directing Defendants to pay to Plaintiffs; reasonable attorneys' fees, costs, and litigation expenses, as provided by statute;

## COUNT V

### SUPPLEMENTAL MUNICIPAL CLAIM
### VIOLATION OF THE CHICAGO MINIMUM WAGE ORDINANCE

1-48. Paragraphs 1 through 48 of Count IV are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 48 of this Count V.

49. Plaintiffs were each an "employee" under the CMWO§ 1-24-10 of the Municipal Code of Chicago and was not exempt from the overtime wage provisions of the CMWO § 1-24-050.

50. Defendants were each an "employer" as defined in the CMWO§ 1-24-10.

51. Under § 1-24-040, for all weeks during which Plaintiffs worked more than forty (40) hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rates of pay.

52. Defendants' failure and refusal to pay any wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the § 1-24-040.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a) Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiffs' regular hourly rate of pay for all hours which Plaintiffs worked in excess of forty (40) hours per week;

(b) Statutory interest damages in the amount of three times the amount of unpaid overtime;

(c) Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

(d) for such additional relief the Court deems just and appropriate under the circumstances.

## COUNT VI

## SUPPLEMENTAL MUNICIPAL CLAIM
## VIOLATION OF THE CHICAGO MINIMUM WAGE ORDINANCE

1-52. Paragraphs 1 through 52 of Count V are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 52 of this Count VI.

53. Plaintiffs, and members of the Plaintiff Class, were each an "employee" under the CMWO, § 1-24-10 of the Municipal Code of Chicago, and were not exempt from the minimum wage provisions of the CMWO, § 1-24-050.

54. Defendants were each an "employer" as defined in the CMWO, § 1-24-10.

55. Under § 1-24-020(a), Plaintiffs, and members of the Plaintiff Class, were entitled to be compensated according to the minimum wage requirements of CMWO.

56. During the relevant time period, the requisite hourly rates under the CMWO, with each rate increase effective July 1 of each year, were as follows: $12.00 for 2018, $13.00 for 2019, $13.50 or $14.00 in 2020 and $14.00 or $15.00 in 2021.[1]

57. Defendants' failure and refusal to pay proper minimum wages was a violation of the minimum wage provisions of § 1-24-020(a).

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) Judgment in the amount of unpaid minimum wages found due based on the proper minimum wage rate required by the CMWO;

(b) Statutory interest damages in the amount of three times the amount of unpaid minimum wages;

(c) Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

---

[1] Beginning in July 2019, the CMWO implemented two tiers of minimum wages for non-tipped employees based on the employer's status as a "Small" or "Large" employer as defined by the CMWO.

(d) for such additional relief the Court deems just and appropriate under the circumstances.

## COUNT VII

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE ILLINOIS WAGE PAYMENT AN COLLECTION ACT

1-57. Paragraphs 1 through 57 of Count VI are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 57 of this Count VII.

58. Plaintiffs, and members of the Plaintiff Class, were each an "employee" under the IWPCA, 820 ILCS § 115/2.

59. Plaintiffs, and members of the Plaintiff Class, were not exempt from the IWPCA's protections, 820 ILCS § 115/1, *et seq*.

60. Defendants were each an "employer" under the IWPCA, 820 ILCS § 115/2.

61. During the course of employment of Plaintiffs and the Plaintiff class, Defendants made deductions from wages for traffic and parking tickets and other similar costs and expenses.

62. Such deductions (1) were not required by law; (2) were not to the benefit of Plaintiffs or the Plaintiff Class; (3) were not in response to a valid wage assignment or wage deduction order; and (4) were not made pursuant to a valid and compliant authorization form, signed and dated by Plaintiffs or members of the Plaintiff Class.

63. Defendants violated the IWPCA, 820 ILCS 115/9, by making unauthorized and unlawful deductions from wages.

64. Plaintiffs were damaged by Defendants' violation of the IWPCA.

65. Plaintiffs seeks certification of the IWPCA violations alleged herein pursuant to Federal Rule of Civil Procedure 23.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order awarding them:

(a)    A judgment in an amount to be determined at trial for all of the earned wages, agency withholding deposits and final compensation due to Plaintiffs;

(b)    Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments.

(c)    Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

(d)    for such additional relief the Court deems just and appropriate under the circumstances.

Respectfully submitted,

*Electronically Filed 06/24/2021*

s/John W. Billhorn
John William Billhorn

BILLHORN LAW FIRM
53 West Jackson Blvd., Suite 401
Chicago, IL 60604
(312) 853-1450

Attorney for Plaintiff